FILED
JAN 15 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NELSON JOSE DEL ROSARIO,
#19889-069,          Plaintiff,
UNIT A 100 4
MOSHANNON VALLEY CORR. CTR.
555 I-GEWELT DRIVE
PHILIPSBURG, PENN.
             16866
-vs-

Case: 1:08-cv-00079
Assigned To : Unassigned
Assign. Date : 1/15/2008
Description: Pro se General

DRUG ENFORCEMENT ADMINISTRATION;
JANICE GALL, MCLEOD ASSOCIATE DIRECTOR
OF (OIP); KATHERINE L. MYRICK, CHIEF
OPERATIONS UNIT FOI/RECORDS
MANAGEMENT SECTION; THE EXECUTIVE OFFICE
FOR UNITED STATES ATTORNEYS (EOUSA)
                              Defendants,

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; AND MEMORANDUM IN SUPPORT THEREOF

This an action under the Federal of Information Act (FOIA), title 5 U.S.C. 552, to order the defendants to provide plaintiff with copies of "any and all statements written, recording otherwise retained by your agency provided by Special Agent Elvin Laboy in the prosecution of plaintiff. Plaintiff request copies of police computarized, device and daily logs showing that Special Agent Elvin Laboy was in fact present at the International Airport "Luis Munoz" in San Juan, Puerto Rico on July 29, 2000.

Plaintiff request from defendants copies of statements and, or testimony at suppression hearing given by Special Agent Elvin Laboy in conjure to business duty.

Plaintiff also request from the defendants copies of any Drug Enforcement Administration "any records, and records" pertaining

RECEIVED
NOV 13 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

to arrest at Airport in San Juan, Puerto Rico on July 29, 2000.

(1). In April 5, 2005, plaintiff submitted a FOIA request to the Drug Enforcement Administration. The Drug Enforcement Administration acknowledged receiving plaintiffs FOIA request. By letter plaintiff was assigned FOIA NUMBER 06-1159.

(2). In January 13, 2006, the Drug Enforcement Administration in their respond denied plaintiff's request stating that "Before DEA can confirm or deny the existence of any records pertaining to Special Agent Elvin Laboy, an original notarized authorization, (privacy waiver by Special Agent Laboy) must be received. The consent from Special Agent Laboy permits the DEA to release personal information from its files. Without the consent, the release of documents, or confirmation of the existence of any records pertaining to Special Agent Laboy would constitute an unwarranted invasion of his personal privacy."

(3). In February 1, 2006, plaintiff Appeals the Drug Enforcement Administration decision to deny him access to the requested copies of "any and all records."

(4). In March 6, 2007, the Drug Enforcement Administration (DEA) responded to plaintiff's Appeal. Thus, deny access to any records, and records pertaining to arrest at the Airport in San Juan, Puerto Rico on July 29, 2000. The defendents suggested that he note plaintiff limited his Appeal to request for access to logs that plintiff allege demonstrate that a particular DEA Special Agent was present at the time of plaintiff's arrest. Defendants also suggested that after carefully consideration of plaintiffs' Appeal, defendants

2.

affirmed the DEA's actions in refusing to confirm or deny the existence of any records responsive to the portion of plaintiffs' request. Without consent, proof of death, official acknowledgement of an investigation, or an overriding public interest, confirming or denying the existence of Law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C § 552(b)(7).

The defendants limited plaintiffs' request to a specific of Special Agent Elvin Laboy business duty log, without no consideration to "any" and "all records" statements" "written" "testimony" "computarized device and, or electronics device" etc.

(5). In March 20, 2007, plaintiff re-apply the request under the provisions of the Freedom of Information Act, 5 U.S.C. § 552, stating very clearly as requested before per copies of all files, records, and any other documents in possession of the Department of Justice pertaining to any and all documents bearing plaintiffs' name, and documents in the office of DEA for district of puerto Rico. And any and all documents of DEA daily activity log in regards to Special Agent Elvin Laboy on and about the time of plaintiff's arrest at the Airport. Therein, plaintiff's request was directed to the Executive office for United States Attorneys, 10th & Constitution Avenue Washington D.C. 20530

(6). In April 30, 2007, the Executive office for United States Attorneys (EOUSA) acknowledged and gave plaintiff a request number 07-1278 for Freedom of Information Act and/or privacy Act request.

3.

The EOUSA is the official record keeper for all records located in the office and the various United States Attorney's office.

Per EOUSA reply, the defendants notify plaintiff to contact the Freedom of Information Operations Unit, Drug Enforcement Administration Department of Justice, 700 Army, Navy Drive Arlington, VA 22202. The defendants also informed the plaintiff of original letter beign split into separate files ("requests") for processing purposes, based on the nature of what plaintiff sought. Each file have a separate request number for which separate response will be received.

(7). In May 8, 2007, plaintiff followed the EOUSA direction, Thus, apply for informations, under the provision of the Freedom of Information Act, 5 U.S.C § 552 from Freedom of Information Operations Unit Drug Enforcement Administration Department of Justice, 700 Army Navy Drive, Arlington, VA 22202, requesting copy of all files, records and any other documents in the possession of the department of Justice pertaining to any and all documents bearing plaintiffs' name. Plaintiff also requested documents per DEA activity log for Special Agent Laboy in San Juan, Puerto Rico on July 29, 2000.

(8). In August 21st and October 7, 2007, plaintiff through letter reminded the defendants per the importance of his request.

(9). In October 10, 2007, the Drug Enforcement and Administration responded regarding plaintiffs' appeal and attached is a copy of information and privacy (OIP), affirming DEA's action. The defendant concluded that no further action will be taken regarding the request.

The letter referred to March 6, 2007 decision per Appeal Number 06-1159, Request number 05-0877-P JTR:SRO - Wherein, Janice Galli

Mcleod, Associate Director affirm DEA's action in refusing to confirm or deny existence of any records responsive to this portion of plaintiff's request . . . confirming or denying the existence of Law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy. See 5 U.S.C. § 552(b)(7)(c) and for dissatifactory of DEA's action on plaintiffs appeal, and that plaintiff may seek judicial review in accordance with 5 U.S.C.§ 552(a)(4)(B).

JURISDICTION

This honorable district court has jurisdiction over this action pursuant to 5 U.S.C § 552(a)(4); Title 28 U.S.C. § 1361 and the First and fifth Amendment.

The plaintiff is presently incarcerated at Moshonnon Valley Correctional Center at Philipsburg, Pennsylvania 16866. Plaintiff was tried by jury and convicted in the United States district court for the district of puerto Rico. United states v. Del Rosario, Supra,

Plaintiff seeks any and all records pertaining to his trial and conviction to assist him to pursue the avenue to support his newly discovered evidence for his 28 U.S.C. § 2255 and, or Second successive petition. Plaintiff also submits that the requested informations, statements, testimony and other records would reveal flagrant misconduct on behalf of DEA Agents and government's case.

United States Court of Appeals for the First Circuit affirmed plaintiff's conviction. United States v. Del Rosario, 388 F. 3d 1,

2004 U.S. App. LEXIS 22634, 65 Fed R. Evid. Serv. (Callaghan) 824 No. 02-23 77, No. 03-1006 (decided November 1, 2004).

Worthy to mention is the fact that the defendants limited plaintiffs' request to product of DEA daily activity log of Special Agent Elvin Laboy testimony per arrest at international Airport "Luis Munoz Maron" in San Juan, Puerto Rico on July 29, 2000.

Plaintiff has exhausted his administrative remedy since he have pursued an administrative appeal with respect to what the defendants limited the search and records to in their response. Plaintiff is also seeking for any and all files, records and any other documents in the possession of DEA and Department of Justice pertaining to any and all documents bearing his name. This claim therefore arises under 5 U.S.C. § 552(a)(4)(B).

Plaintiff is entitle to copies of the requested records pursuant to 5 U.S.C. § 552(a)

(C)(1) any person making a request to any agency for records under paragraph (1), (2), or (3) of subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph. However, per this case at hand, the defendants claim arises pursuant to 5 U.S.C § 552 (a)(4)(B).

## RELIEF SOUGHT

Plaintiff request that this honorable court issue an Order requiring the defendants to:

(1). Provide plaintiff, within thirty (30) working days, any and all records, statements, written or recorded, or otherwise retained, that was given by or adopted by DEA Special Agent Elvin Laboy that relates to his testimony in the prosecution of plaintiff in the above-mentioned case. Specifically, but not limited to, the statements given to the defendants by Special Agent Laboy during interviews and testimony of suppression hearing and grand jury proceedings. The requested statement are exxulpatory or impeaching.

(2). Provide plaintiff, within thirty (30) working days, within a detailed list of any and all records, statements given by, or adopted by Special Agent Elvin Laboy which the defendants claimed or refused to confirm or deny the existence of any records responsive to the portion of plaintiff's request. without consent, proof of death, official acknowledgment of an investigation, or an overrinding public interest, confirming or denying the existence of Law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy.

(3). Should the defendants failed to provide plaintiff with the requested records within thirty (30) working days and the records are later found to not to have been exempt by this court or the court of Appeals, plaintiff hereby ask that this court Order, the Civil Service Commission to promptly initiate proceedings against the defendants in accordance with 5 U.S.C. 552(a)(4)(F).

7.

## MEMORANDUM OF LAW

At the outset the plaintiff under the provision of the Freedom of Information Act, 5 U.S.C. § 552, requested copy of all files, records and any other documents in the possession of the Department of Justice pertaining to any and all documents bearing his name. The document also requested are the DEA daily activity lod in reference to Special Agent Elvin Laboy per the events that took place in San Juan, Puerto Rico on July 29, 2000.

As stated above, that request of DEA daily activity log and any statements contain exculpatory and impeachment information. The copy of all files, records and other documents are required to assist plaintiff to furnish a proper mitigation in regards to second successive petition. Plaintiff may likely have lost the avenue available for 28 U.S.C. § 2255 because, the defendants failed to provide records of the files necessary to litigate the petition.

First, the DEA and defendants has failed to comply with the specified time limits set for in the FOIA. See % U.S.C. § 552(a)(4)(c). The plaintiff has waited patiently over One and half years for the DEA and defendants to comply with the law governing the FOIA. The plaintiff is entitle to sue the DEA for the requested records. See <u>Open America   v.   Watergate Special Force</u>, 547 F.2d. 605 (D.C. cir. 1976); <u>Pollack   v.   Dept.   of   Justice</u>, 49 F.3d. 115, 119 (4th cir. 1995).

Second, the DEA narrowed the requested records to Special Agent Laboy's daily activity log per the events on July 29, 2000 and statements attributed to the Agent. Thus, contends  that the requested

8.

<u>for</u> access to logs that allege and demonstrate that the DEA Special Agent Elvin Laboy was present at the time of plaintiff's arrest could not be confirm or deny without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, confirming or denying the existence of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy under 5 U.S.C. § 552(b)(7)(C) and to seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

FOIA requires that agencies make their records available to the public unless a specific exemption applies..<u>Becker   v.   Internal Revenue Serv</u>, 34 F.3d 398, 420 (7th cir. 1994). where, as here, an agency claims that records have been withheld as exempt, the district court determines de novo whether the claimed exemptions apply. <u>Silets   v.   United States Dept. of Justice</u>, 945 F.2d 227, 228 (7th cir. 1991), Cert. denied. 120 L.Ed 2d 868, 112 S.Ct. 2991 (1992).

The burden is upon the government when it seeks a justify non-disclosure under the FOIA. <u>Putman   v.   Dept. of Justice</u>, 893 F.2d 705, 709, (D.D.C. 1995). Although the party requesting documents is disadvantaged in the sense that he or she has not had access to the withheld documents. <u>Becker</u>, 34 F.3d at 402 n. 11. However, the United States Appeals Court for the District of Columbia has explicitely held the government is obligated to disclose information that a witness has actually testified to. Accord, <u>Davis   v.   Dept. of Justice, 968 F.2d</u> 1276, 1281 (D.C. cir. 1992)(citing) <u>Dow Jones & Co.   v.   Dept. of Justice</u>, 917 F.2d. 517 (D.C. cir. 1990) where the court stated:

9.

of course, if the exact information given to the F.B.I. has already become public . . . there would be no ground to withhold. 917 F.2d. at 577. (emphasis added).

It is doubtful the defendant(s) will have the chutzpah to contend Special Agent Elvin Laboy have not actually testified in regards to the requested statements since this court have the authority to review the statements in-camera for comparison. However, should the defendant so contend, plaintiff would ask the court to review the Agent testimony transcripts and his statements for comparison prior to issue its decision in this case Sub Judice.

In due respect to the defendant(s) position, Congress certainly did not create Exemption 7(C), or any other Exemption for that matter, to provide a safe haven for records that would reveal government officials misconduct or that are exculpatory/impeaching to a citizen having to endure criminal proceedings. See In Re Dept. of Justice, 999 F.2d. 1302, 1311 (8th cir. 1993)(en banc) - where the court stated, "it will not allow the cure to be the carrier of [a] disease. Citing Curran v. Dept. of Justice, 813 F.2d. 473 (1st cir. 1987).

Plaintiff avers that his 2255 motion might have been lost due to defendants failure to provide necessary information to litigate properly the ineffective assistance of counsel and he is in danger of losing his freedom in the subject of second successive if he do not obtain the requested statements and any and other records quickly. The requested statements and any and other records are

necessary for the plaintiff to present an adequate 28 U.S.C. § 2255 and or second successive 2255 petition. The defendants may already violate plaintiffs right to initial 2255 ineffective assistance of counsel.

## CONCLUSION

For all the foregoing reasons, the plaintiff prays that this honorable court grant him the relief he seeks and any other relief this court deem just and proper.

Respectfully Submitted,

Nelson Jose Del Rosario
Reg # 19889-069
Moshonnon Valley Correctional Center
555 I Cornel Drive,
Philipsburg, PA 16866

11/08/2007
DATE

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tammera Gondek, Notary Public
Decatur Twp., Clearfield County
My Commission Expires June 29, 2010
Member, Pennsylvania Association of Notaries

SIGNATURE OF NOTARY

11.

## CERTIFICATE OF SERVICE

I, Nelson Jose Del Rosario the plaintiff, acting Pro se, hereby verify that One original and three copies of this motion to complaint for declaratory and injunctive relief; and memorandum in support thereof is funished to the clerk of the court in the United States District Court for the District of Columbia at U.S. Courhouse 333 Constitution Ave. N.W., Room 5409 Washington, DC 20001-2866 on this ___8___ day of ___November___, 2007 through the mail Box situated at Moshonnon Valley Correctional Center at philipsburg, Pennsylvania.

Respectfully Submitted,

Nelson Jose Del Rosario
BOP# 19889-069
MVCC
555 I Cornell Drive,
Philipsburg, PA 16866

11/08/2007
Date

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Tammera Gondek, Notary Public
Decatur Twp., Clearfield County
My Commission Expires June 29, 2010
Member, Pennsylvania Association of Notaries

NOTARY

SIGNATURE OF NOTARY

12.

Nelson Jose Del Rosario
19889-069 Unit A-4
555 I-Cornell Drive
Philipsburg, PA 16866

October 7, 2007

Freedom of Information Operations Unit
Drug Enforcement Administration
Department of Justice
700 Army Navy Drive
Arlington, VA 22202

RE: REQUEST NO. 05-0877-P
APPEAL NO: 06-1159

It has been over six months since I first requested, through the Freedom of Information Act, 5 U.S.C. § 552, copies of all files, records and any other documents in the possession of the Department of Justice pertaining to any and all documents bearing my name, and till today I have not received the requested documents.

It was also requested the daily activity log of Drug Enforcement Agent Elvin Laboy, in San Juan, Puerto Rico, on July 29, 2000. As of yet, this information has not been received either.

I have also send numerous letters pertaining this request, to no avail. Once again I respectfully request that the documents that have been requested, be released and sent to the above mentioned address.

Your attention in this crucial matter would be appreciated. Thank you.

Sincerely,

Nelson Jose Del Rosario

CC: File

08 0079

FILED

JAN 1 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information & Privacy Staff
600 E Street, N.W., Suite 7300, Bicentennial Building
Washington, DC 20530-0001
(202) 616-6757   FAX: 616-6478   (www.usdoj.gov/usao)

APR 3 0 2007

Requester: Nelson Jose Del Rosario    Request Number: 07-1278

Subject: DEA Agent Log

Dear Requester:

    The Executive Office for United States Attorneys (EOUSA) has received your Freedom of Information Act and/or Privacy Act request. The EOUSA is the official record keeper for all records located in this office and the various United States Attorney's offices.

    You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the Drug Enforcement Administration (DEA). Please contact the office directly at the following address:

> Freedom of Information Operations Unit
> Drug Enforcement Administration
> Department of Justice, 700 Army Navy Drive
> Arlington, VA 22202

[ ✓ ] Please note that your original letter was split into separate files ("requests'), for processing purposes, based on the nature of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response:
NOT SPLIT

    This is a final action on this above-numbered Request. You may appeal my decision on this request by writing within 60 days from the date of this letter, to **Office of Information and Privacy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**. Both the envelope and letter of appeal should be marked "FOIA Appeal." If you are dissatisfied with the result s of any such administrative appeal, judicial review may thereafter be available in U.S. District Court. 28 C.F.R. §16.9.

Sincerely,

*William G. Stewart*

William G. Stewart II
Assistant Director

Form No. 042 - 3/07