UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NELSON JOSE DEL ROSARIO,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 08-0079 JDB |
| **DRUG ENFORCEMENT ADMINISTRATION,** | ) |
| *et al.* | ) |
| **Defendants** | ) |
| | ) |

ERRATA

Defendants hereby gives notice to Plaintiff and the Court of the filing of the attached Statement of Material Facts referenced in Motion For Summary Judgment, filed on June 9, 2008 (Pacer Dkt. 18). Defendants inadvertently omitted this Statement of Material Facts from the June 9 filing.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____/s/_____
ALEXANDER D. SHOAIBI, DC Bar # 423587
Assistant United States Attorney

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Errata and its attachment has been made through U.S. Mail, First Class on this 10th day of June, 2008.

Nelson Jose Del Rosario
R1908-069
MOSHANNON VALLEY CORRECTIONAL CENTER
555 I-Cornel Drive
Philipsburg, PA 16866

                                         /s/
                         ALEXANDER D. SHOAIBI, DC Bar # 423587
                         Assistant United States Attorney
                         Civil Division
                         555 4th Street, N.W.
                         Washington, DC  20530
                         (202) 514-7236

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NELSON JOSE DEL ROSARIO,** )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>) Civil Action No. 08-0079 JDB<br>**DRUG ENFORCEMENT ADMINISTRATION,** )<br>*et al.* )<br>**Defendants** )<br>) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Defendants, Drug Enforcement Administration ("DEA"), United States Department of Justice Office of Information and Privacy ("OIP"), and Executive Office of United States Attorneys ("EOUSA") respectfully submit this statement of material facts as to which there is no genuine dispute in accordance with this Court's Local Rule 7(h). The Declaration of Michael G. Seidel, Senior Attorney, Drug Enforcement Administration ("DEA"), Office of Chief Counsel, Administrative Law Section (CCA) ("Seidel Declaration") supports this statement.

1. By letter dated April 4, 2005, Plaintiff listed four items within the context of his July 29, 2000 arrest and a subsequent suppression hearing where Plaintiff averred that "DEA supervisor ELVIN LABOY" testified. Seidel Dec. at ¶5 & Exhibit A[1], p. 1. Plaintiff requested the following four items: "(1) copies of police computerized [sic] and of daily logs; (2) the substance of any oral statements which the agent Laboy alleged that was made by me, whether before or after the indictment in response to an interrogation by any person then known to be a government agent; (3) the names, assignments and locations of the agents and/or officers present at time of any oral

---

[1] The Seidel Declaration has 19 attached Exhibits labeled A through S.

statement referred to in request no.2 was made, and (4) Copies of police computerized [sic] and of daily logs, showing that agent Laboy was in fact present at the international Airport "Luis Munoz Marin" in San Juan, Puerto Rico on July 29, 2000." Id.

2.     By letter dated January 13, 2006, DEA released portions of 23 pages of documents responsive to Plaintiff's request with redactions and withheld 58 pages in full, citing FOIA exemptions (b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(F), and PA access Exemption(j)(2). Seidel Dec.at ¶ 10 & Exhibit J (Letter, dated January 13, 2006, from Katherine L. Myrick, Chief, Operations Unit, DEA FOI/Records Management Section to Plaintiff).  Plaintiff was also informed that a privacy waiver was required from Special Agent (SA) Laboy before DEA would confirm or deny the existence of any "personal information" about the agent in its files.  Id.  The letter further informed Plaintiff of his right to appeal to the Department of Justice Office of Information and Privacy (DOJ-OIP). Id.

3.     Plaintiff appealed to DOJ-OIP by letter dated February 1, 2006, and limited his appeal to the Glomar[2]-type response concerning any records related to SA Laboy (See Exhibit K (FOIA Appeal by Plaintiff)) which DOJ-OIP acknowledged on February 17, 2006.  (See Exhibit L).  By letter dated February 17, 2007, DOJ-OIP affirmed DEA-SARO's action of refusing to confirm or deny the existence of records about SA Laboy in its files.  Seidel Dec. at ¶ 11 & Exhibit L.

4.     On April 30, 2007, the Executive Office of U.S. Attorneys acknowledged Plaintiff's request and assigned it a number of 07-1278.  Complaint ¶ 6 & Letter (attached to Complaint) from William G. Stewart, Assistant Director of EOUSA to Plaintiff, dated April 30, 2007 (hereinafter

---

[2]Phillippi v. Central Intelligence Agency, 546 F.2d 1009, 1014-15 (D.C. Cir. 1976) (CIA refused to confirm or deny existence of secret vessel, the Hughes Glomar Explorer).

"April 30, 2007 letter"). EOUSA informed Plaintiff that he should contact the Freedom of Information Operations Unit, Drug Enforcement Administration Department of Justice. Id. ( April 30, 2007 letter states "You requested information which is not information maintained by the EOUSA or by the individual United States Attorney's Offices, but is maintained by the Drug Enforcement Administration (DEA)."). EOUSA also informed Plaintiff of his right to appeal this decision within 60 days from April 30, 2008. See April 30, 2007. Plaintiff did not file an appeal.

5. By letter August 21, 2007, Plaintiff wrote to DEA-SARO again and referred to an attached letter dated May 8, 2007 which he purported was previously sent to DEA. Seidel Dec. at ¶ 12 & Exhibit N. The attached May 8, 2007 letter cited the administrative case numbers assigned to his original request and appeal, and sought "any and all documents bearing my name," but then specified that the documents he was requesting were the "dayli [sic] activity log for Drug Enforcement Agent (DEA) Elvin Laboy." Id. Plaintiff followed-up with a subsequent letter dated October 4, 2007, seeking a response. Seidel Dec. at ¶ 12 & Exhibit O.

6. DEA Freedom of Information Operations Unit (DEA-SARO) responded to Plaintiff's queries of August 21, 2007 and October 4, 2007 with identical letters dated October 10, 2007 (Exhibit P) and November 7, 2007 (Exhibit Q), which enclosed a copy of OIP's appeal denial action (Exhibit M) and informed Plaintiff that no further action would be taken. Seidel Dec. at ¶ 13.

7. The DEA Office of Chief Counsel, Administrative Law Section (CCA), conducted a litigation review of the administrative FOIA file and a segregability analysis of all responsive pages including the pages withheld in their entirety by DEA-SARO under Exemption (b)(7)(A). Seidel Dec. at ¶ 22. Pursuant to this review, CCA identified seven (7) additional pages of the 58 pages from file number G5-00-0192 withheld in their entirety by SARO on January 13, 2006 that

should have been processed earlier for release. Id. CCA segregated these additional seven (7) pages for release processing because the pages directly pertained to Plaintiff's arrest or reported on his subsequent criminal case; therefore, the additional pages could not be reasonably expected to harm future enforcement proceedings as the case against Plaintiff was complete in 2002. Id. The additional seven (7) pages were provided to Plaintiff by a supplemental release, dated April 7, 2008. Seidel Dec. at ¶ 22 & Exhibit R.

8. CCA also determined that the small, second file identified by the NADDIS[3] query performed by the SARO pre-processor--file number G5-01-0015--should be processed for release. Seidel Dec. at ¶ 23. File number G5-01-0015 names a subject who is not Plaintiff, and the DEA Caribbean Division confirmed that the case file is now closed. Id. While G5-01-0015 is a criminal investigation into another matter at the San Juan airport, the two-page report of investigation (ROI) (DEA Form 6) contained in the file references Plaintiff's July 29, 2000 arrest. Id. Due to an administrative oversight, DEA-SARO did not process the two-page ROI in the G5-01-0015 file along with the documents contained in the larger and more responsive G5-00-0192 file. Id. Consistent with the initial broad interpretation of Plaintiff's request by DEA-SARO, this report was processed by CCA with one page partially released and one page withheld in its entirety as part of the April 7, 2008 supplemental release. Seidel Dec. at ¶ 23 & Exhibit R.

9. In April, 2008, CCA confirmed with agents of the DEA Carribean Field Division that file G5-00-192 remains an open investigation due to a pending fugitive. Seidel Dec. at ¶ 24. CCA

---

[3] DEA Investigative Reporting and Filing System (IRFS), JUSTICE/DEA-008 ("IRFS") is the DEA system of records that contains all administrative, general, and investigation files compiled by DEA for law enforcement purposes. Seidel Dec. at ¶ 15. The DEA Narcotics and Dangerous Drugs Information System (NADDIS) is the index to and the practical means by which DEA retrieves investigative reports and information from IRFS. Id. at ¶ 16.

further confirmed that the DEA Carribean Field Division does not use or maintain operational or daily "logs" that record the activity of agents. Id. DEA-SARO queried NADDIS again in April, 2008 by Plaintiff's name and NADDIS number. Id. The query returned the same results as the initial query performed in 2005: NADDIS still indicates two DEA investigative files associated with the name "Nelson Jose Del Rosario" and NADDIS number "5032612": file number G5-00-0192 and G5-01-0015. Id. Therefore, there are no other files contained in IRFS that are responsive to Plaintiff's request. Id.

10.  During the course of the administrative process and the litigation review, a total of 83 pages of materials responsive to Plaintiff's request was identified; 81 pages from file number G5-00-0192 and 2 pages from file number G5-01-0015. Seidel Dec. at ¶ 25. Of the 83 responsive pages, 31 pages were released to Plaintiff. Id. These 31 pages include portions of 30 pages (29 pages from file number G5-00-0192 and one (1) page from G5-01-0015) and one (1) page released in its entirety (file number G5-00-0192). Id. The remaining 52 pages were withheld in their entirety. 51 of those pages are from file number G5-00-0192 and one (1) page is from file number G5-01-0015. Id. Information is withheld pursuant to FOIA Exemptions (b)(2), (b)(7)(A), (b)(7)(C), (b)(7)(D), (b)(7)(F), and PA exemption (j)(2). Id.

11.  Accounting for the 83 responsive pages for Vaughn index purposes, a detailed Vaughn index explaining DEA's withholdings of portions of the 30 pages released to Plaintiff and the one (1) page withheld in its entirety from file number G5-01-0015 are attached as Exhibit S. Seidel Dec. at ¶ 25. As information was not withheld, the one (1) page released in its entirety from file number G5-00-0192 (page 80) is not included in Exhibit S. Id. To avoid the release of information that could jeopardize an ongoing investigation or harm future enforcement proceedings

against a fugitive, a more detailed Vaughn index (in the format of Exhibit S) is not included for the 51 pages from file G5-00-0192 withheld in their entirety. Id. These 51 pages are subject to withholding under FOIA Exemption (b)(7)(A). Id. A more generalized description of these records, the articulable harm to prospective enforcement efforts, and the assertion of other FOIA Exemptions that apply to the Exemption (b)(7)(A) material is provided within the body of the Seidel Declaration.

                          Respectfully submitted,

                          /s/
                        JEFFREY A. TAYLOR, D.C. Bar # 498610
                        United States Attorney

                        /s/
                        RUDOLPH CONTRERAS, D.C. Bar # 434122
                        Assistant United States Attorney

                        /s/
                        ALEXANDER D. SHOAIBI, DC Bar # 423587
                        Assistant United States Attorney
                        Civil Division
                        555 Fourth Street, N.W. -- Room E-4218
                        Washington, D.C. 20530
                        (202) 514-7236

                        Counsel for the Defendants

June 9, 2008